```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X

CSC HOLDINGS, INC.,
                    Plaintiff,

     - against                        ORDER ADOPTING REPORT AND
                                      RECOMMENDATION
                                      02-CV-3241 (JS)(ARL)
LAMARTINE D'SA,

                    Defendant.

----------------------------------X
Appearances:

For Plaintiff:      Patrick J. Sullivan, Esq.
                    Mel M. Dus, Esq.
                    Lefkowitz, Louis and Sullivan, LLP
                    350 Jericho Turnpike, Suite 300
                    Jericho, NY 11753



For Defendants:     Lamartine D'Sa, Pro Se
                    6770 82nd Avenue North
                    Pinellas Park, FL 33781
```

SEYBERT, District Judge:

On December 29, 2004, this Court entered a Judgment of Default against Defendant Lamartine D'Sa ("Defendant"). On January 4, 2005, this Court referred the matter to Magistrate Judge Arlene R. Lindsay for a calculation of appropriate damages. On August 11, 2005, Magistrate Judge Lindsay filed a Report and Recommendation awarding Plaintiff CSC Holdings, Inc. ("Plaintiff") $85,892.00. This amount represents $81,000 in statutory damages and $4,892.00 in attorneys fees.

Upon review of the Report and Recommendation of Magistrate Judge Lindsay, dated August 11, 2005, to which no party

has meaningfully objected, the Court hereby ADOPTS the Report and Recommendation and orders the entry of a default judgment against Defendant in the amount of $85,892.00.

Magistrate Judge Lindsay's Report and Recommendation provided that any objections were to be filed with the Clerk of the Court within ten days of service of the report. It is apparent, however, that Defendant has purposefully avoided receipt of the Report and Recommendation. An initial copy of the Report and Recommendation was sent via certified mail to Defendant's New York address on August 11, 2005. The mailing was returned as "unclaimed." The Court then received notification from Defendant that he had changed his address to a location in Florida. In response, a copy of the Report and Recommendation was sent via certified mail to Defendant's purported Florida address. That mailing was also returned as "unclaimed." Defendant may not extend his time for filing objections by purposefully avoiding service and refusing to take delivery of documents at an address that he provides. His present conduct is not surprising. It is an extension of the dilatory tactics and refusal to comply with Court orders that prompted the issuance of the default judgment against him. Accordingly, the Court finds that the time for filing objections has expired, and Defendant is deemed to have waived any objections to Magistrate Judge Lindsay's Report and

Recommendation.[1]

The Court ADOPTS the Report and Recommendation and awards Plaintiff damages in the amount of $85,892.00. Plaintiff is ORDERED to serve a copy of this Order upon Defendant via certified mail to his Florida address within ten days of the date of this Order.

SO ORDERED.

Dated:   Central Islip, New York
         January 31, 2006
                                    /s/ JOANNA SEYBERT
                                    Joanna Seybert, U.S.D.J.

---

[1] Defendant proffers, in his August 12, 2005 change of address note, that he has "been wrongfully accused of this matter." Such objection concerns the propriety of the judgment of default; it has nothing to do with the instant Report and Recommendation, which only concerns the issue of damages. Notably, Defendant was personally served with a copy of the judgment of default against him on January 12, 2005 and never proffered any objection to this Court.